UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DANNY DONOHUE, as President of the
Civil Service Employees Association, Inc.,
Local 1000, AFSCME, AFL-CIO; CIVIL
SERVICE EMPLOYEES ASSOCIATION,
INC., LOCAL 1000, AFSCME, AFL-CIO;
WILLIAM COLEMAN, individually and on
behalf of all others similarly situated; WILLIAM
MILLER, individually and on behalf of all
others similarly situated; JOHN METZGIER,
individually and on behalf of all others similarly
situated; and JACK WIEDEMAN, individually
and on behalf of all others similarly situated,**

                          Plaintiffs,

        v.                                                                                 1:13-CV-918
                                                                                                    (FJS/CFH)
                                                                                                    (Lead Case)

**THOMAS J. MADISON, JR., in his official capacity
as Executive Director of the New York State Thruway
Authority and the New York State Canal Corporation;
CARLOS MILLAN, in his official capacity as Director
of Employee Relations and Employee Safety, New York
State Thruway Authority and New York State Canal
Corporation; BRIAN U. STRATTON, in his official capacity
as Director of the New York State Canal Corporation;
HOWARD P. MILSTEIN, in his official capacity as Chairman
of New York State Thruway/Canal Corporation Board of
Directors; E. VIRGIL CONWAY, in his official capacity as
Board Member of the New York State Thruway/Canal
Corporation Board of Directors; NEW YORK STATE
THRUWAY AUTHORITY; NEW YORK STATE CANAL
CORPORATION; DONNA J. LUH, in her official capacity
as Vice-Chairman of New York State Thruway/Canal
Corporation Board of Directors; RICHARD N. SIMBERG,
in his official capacity as Board Member of the New York State
Thruway/Canal Corporation Board of Directors; BRANDON
R. SALL, in his official capacity as Board Member of the New
York State Thruway/Canal Corporation Board of Directors; J.
DONALD RICE, JR., in his official capacity as Board Member of
the New York State Thruway/Canal Corporation Board of**

Directors; and JOSE HOLGUIN-VERAS, in his official capacity
as Board Member of the New York State Thruway/Canal
Corporation Board of Directors,

                              **Defendants,**

---

**DANNY DONOHUE, as President of the Civil Service
Employees Association, Inc., Local 1000, AFSCME, AFL-CIO;
CIVIL SERVICE EMPLOYEES ASSOCIATION, INC.,
LOCAL 1000, AFSCME, AFL-CIO; JOHN DELLIO,
individually and on behalf of all others similarly situated;
MICHAEL BOULERIS, individually and on behalf of all
others similarly situated; MAUREEN ALONZO, individually
and on behalf of all others similarly situated; and MARCOS
DIAMANTATOS, individually and on behalf of all others
similarly situated,**

                              **Plaintiffs,**

                              **v.**                                                                            1:13-CV-920
                                                                                      (FJS/CFH)

**THOMAS J. MADISON, JR., individually and in his
official capacity as Executive Director of the New York
State Thruway Authority and the New York State Canal
Corporation; CARLOS MILLAN, in his official capacity as
Director of Employee Relations and Employee Safety, New
York State Thruway Authority and New York State Canal
Corporation; HOWARD P. MILSTEIN, individually and in his
official capacity as Chairman of New York State Thruway/Canal
Corporation Board of Directors; E. VIRGIL CONWAY, in his
official capacity as Board Member of the New York State
Thruway/Canal Corporation Board of Directors; NEW YORK
STATE THRUWAY AUTHORITY; DONNA J. LUH, in her
official capacity as Vice-Chairman of New York State Thruway/
Canal Corporation Board of Directors; RICHARD N. SIMBERG,
in his official capacity as Board Member of the New York State
Thruway/Canal Corporation Board of Directors; BRANDON R.
SALL, in his official capacity as Board Member of the New York
State Thruway/Canal Corporation Board of Directors; J. DONALD
RICE, JR., in his official capacity as Board Member of the New York
State Thruway/Canal Corporation Board of Directors; and JOSE
HOLGUIN-VERAS, in his official capacity as Board Member of
the New York State Thruway/Canal Corporation Board of Directors,**

                        **Defendants.**

**NEW YORK STATE THRUWAY EMPLOYEES LOCAL 72; JOSEPH E. COLOMBO; GEORGE E. SAVOIE; and DAVID M. MAZZEO, individually and on behalf of all others similarly situated,**

                        **Plaintiffs,**

            v.                                                                1:14-CV-1043
                                                                                     (FJS/CFH)

**NEW YORK STATE THRUWAY AUTHORITY; HOWARD P. MILSTEIN, individually and in his official capacity as Chairman of the New York State Thruway Authority; THOMAS J. MADISON, JR., individually and in his official capacity as Executive Director of the New York State Thruway Authority; THOMAS RYAN, in his official capacity; E. VIRGIL CONWAY, in his official capacity as Board Member of the New York State Thruway Authority; JOHN F. BARR, in his official capacity as Director of Administrative Services of the New York State Thruway Authority; JOHN M. BRYAN, in his official capacity as Chief Financial Officer and Treasurer of the New York State Thruway Authority; DONNA J. LUH, in her official capacity as Vice-Chair of the New York State Thruway Authority Board of Directors; J. DONALD RICE, JR., in his official capacity as Board Member of the New York State Thruway Authority; BRANDON R. SALL, in his official capacity as Board Member of the New York State Thruway Authority; RICHARD N. SIMBERG, in his official capacity as Board Member of the New York State Thruway Authority; and JOSE HOLGUIN-VERAS, in his official capacity as Board Member of the New York State Thruway Authority,**

                        **Defendants.**

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **CIVIL SERVICES EMPLOYEES ASSOCIATION, INC.**<br>143 Washington Avenue<br>P.O. Box 7125, Capitol Station | **AARON E. KAPLAN, ESQ.**<br>**JENNIFER C. ZEGARELLI, ESQ.** |

Albany, New York 12224
Attorneys for Plaintiffs Danny
Donohue, Civil Service Employees
Association, Inc., Local 1000, AFSCME,
AFL-CIO, William Coleman, William
Miller, John Metzgier, Jack Wiedeman,
John Dellio, Michael Bouleris, Maureen
Alonzo, and Marcos Diamantatos

| | |
|---|---|
| **LIVINGSTON ADLER PULDA MEIKLEJOHN & KELLY** | **NICOLE M. ROTHGEB, ESQ.** <br> **GREGG D. ADLER, ESQ.** |

557 Prospect Avenue
Hartford, Connecticut 06205
Attorneys for Plaintiffs Danny
Donohue, Civil Service Employees
Association, Inc., Local 1000, AFSCME,
AFL-CIO, William Coleman, William
Miller, John Metzgier, Jack Wiedeman,
John Dellio, Michael Bouleris, Maureen
Alonzo, Marcos Diamantatos, New York
State Thruway Employees Local 72, Joseph
E. Colombo, George E. Savoie, and David
M. Mazzeo

| | |
|---|---|
| **WHITEMAN, OSTERMAN & HANNA LLP** | **BETH A. BOURASSA, ESQ.** <br> **CHRISTOPHER W. MEYER, ESQ.** <br> **MONICA R. SKANES, ESQ.** <br> **NORMA G. MEACHAM, ESQ.** |

One Commerce Plaza
Suite 1900
Albany, New York 12260
Attorneys for Defendants Carlos
Millan, Brian U. Stratton, E. Virgil
Conway, Richard N. Simberg, New
York State Thruway Authority, New
York State Canal Corporation, Donna
J. Luh, Brandon R. Sall, J. Donald Rice,
Jr., Jose Holguin-Veras, Howard P.
Milstein, Thomas J. Madison, Jr., Thomas
Ryan, and John F. Barr

| | |
|---|---|
| **CAPEZZA HILL, LLP**<br>30 South Pearl Street<br>Suite P-110 Albany, New York 12207<br>Attorneys for Defendant Thomas J.<br>Madison, Jr. | **BENJAMIN W. HILL, ESQ.** |
| **DREYER BOYAJIAN LLP**<br>75 Columbia Street<br>Albany, New York 12210<br>Attorneys for Defendant Thomas J.<br>Madison, Jr. | **WILLIAM J. DREYER, ESQ.** |
| **E. STEWART JONES HACKER MURPHY, LLP**<br>28 Second Street<br>Troy, New York 12180<br>Attorneys for Defendant John M. Bryan | **E. STEWART JONES, JR., ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Pending before the Court is Plaintiffs' joint motion for reconsideration of the Court's July 31, 2020 Memorandum-Decision and Order granting Defendants partial summary judgment ("July MDO"), brought pursuant to Fed. R. Civ. P. 60(b) and Local Rule 60.1.[1] *See* Dkt. No. 181.

---

[1] Although Plaintiffs cited Rule 59(e) of the Federal Rules of Civil Procedure as the basis for their motion for reconsideration, that rule does not apply here because the Court has not entered a judgement in this matter. Rule 60(b) and Local Rule 60.1 (previously Local Rule 7.1(g)) serve as the proper basis for Plaintiffs' motion. However, the standards of review for Rules 59(e) and 60(b) are the same; and, thus, the Court will analyze this motion as if Plaintiffs had cited Rule 60(b).

## II. PROCEDURAL HISTORY

In April 2013, Defendants New York State Thruway Authority ("Thruway") and New York State Canal Corporation ("Canal") instituted a reduction in force ("RIF"), which resulted in the termination of 198 total union-represented employees between Plaintiffs Civil Service Employees Association, Inc., AFSCME, AFL-CIO ("CSEA") and New York State Thruway Employees Local 72 ("Teamsters"). *See* Dkt. No. 165-2 at 3-4. In response, on August 2, 2013, Plaintiff CSEA commenced two actions on behalf of its members against Defendant Thruway and Defendant Canal for violations under state law and the First Amendment, Equal Protection Clause, Due Process Clause, and the Contract Clause of the United States Constitution. *See* Dkt. No. 1; *see also Donohue v. Madison*, No. 1:13-CV-920, Dkt. No. 1. On June 17, 2014, Plaintiff Teamsters commenced an action on behalf of its members against Defendant Thruway. *See New York State Thruway Employees Local 72 v. New York State Thruway Authority*, No. 1:14-CV-1043, Dkt. No. 2. On October 2, 2014, the Court consolidated the three actions and designated Case No. 1:13-CV-918 as the Lead Case. *See* Dkt. No. 45.

On May 31, 2016, Defendants filed a motion for summary judgment, to which Plaintiffs responded by filing a cross-motion for partial summary judgment. *See* Dkt. Nos. 114, 116, 120. On April 14, 2017, the Court issued an Order dismissing Plaintiffs' Due Process, Contract Clause, and state-law claims because they chose not to pursue those claims. *See* Dkt. No. 142 at 23. Additionally, in its April 14, 2017 Order, the Court granted Defendants' motion for summary judgment as to Plaintiffs' First Amendment retaliation claim and denied Defendants' motion for summary judgment as to Plaintiffs' First Amendment targeting claim. *See id.* Defendants then moved for the Court to reconsider its decision or certify the issue to the Second Circuit, *see* Dkt. No. 144, to which the Court responded by denying the motion to reconsider but certifying the

issue to the Second Circuit, *see* Dkt. No. 152.  The question that the Court certified was "[u]nder [*State Emp. Bargaining Agent Coalition v. Rowland*, 718 F.3d 126 (2d Cir. 2013)] are 'union-represented individuals during the bargaining process' – consisting of both union members and agency shop payors – a protected class, such that employment decisions based on employees' union representation during collective bargaining are subject to strict scrutiny?"  *See* Dkt. No. 152.

The Second Circuit granted Defendants' motion for leave to appeal an interlocutory order, *see* Dkt. No. 154; and, on November 18, 2019, it held that "AFPs do not have a First Amendment right to freedom of association merely because they are represented by a union during collective bargaining," *see* Dkt. No. 156 at 16.  The parties then stipulated to dismiss the AFPs' claims; and, thus, Defendants' employees who were union members at the time of the RIF are the only individual Plaintiffs who remain.  *See* Dkt. No. 160.  As to the union-member Plaintiffs' First Amendment claims, the Second Circuit affirmed this Court's decision as applied to the union member Plaintiffs, holding that strict scrutiny applied to Defendants' decision to terminate the union members if they did so based on the employees' union membership.  *See* Dkt. No. 156 at 17.  The Second Circuit further noted the Court's view that Plaintiffs' First Amendment targeting claim and Equal Protection claim raise the same issues; and, therefore, in light of the Court's heavy reliance on its interpretation of *Rowland*,[2] it instructed the Court to revisit Plaintiffs' Equal Protection claim on remand.  *See id.* at 13 n.2.

On January 15, 2020, Defendants filed a motion for partial summary judgment to dismiss Plaintiffs' Equal Protection claim, *see* Dkt. No. 162, which the Court granted, finding that, "when

---

[2] *Rowland* held that employees do not automatically enjoy First Amendment protections by having union representation during collective bargaining.  *See id.* at 13 n.2.

relying on the available evidence, no reasonable factfinder could find that Plaintiffs and the M[anagerial]/C[onfidential] employees were 'similarly situated' in 'all material respects[,]'" *see* Dkt. No. 180 at 15.  Pending before the Court is Plaintiffs' joint motion for reconsideration of the July MDO, brought pursuant to Rule 60 of the Federal Rules of Civil Procedure and Local Rule 60.1.  *See* Dkt. No. 181.

## III. DISCUSSION

### A.  Standard of review

Rule 60 of the Federal Rules of Civil Procedure provides that a party may file a motion for relief from a final judgment, order, or proceeding to correct "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  When applying Rule 60(b), "the Northern District 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'"  *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (quoting *In re C-TC 9th Ave. Partnership*, 182 B.R. 1, 3 (N.D.N.Y. 1995) (McAvoy, C.J.)).  The standard for reconsideration is the same under Northern District of New York Local Rule 60.1, which was formerly Local Rule 7.1(g).  *See Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508 (FJS/RFT), 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006) (citation omitted); N.D.N.Y. L.R. 60.1.  The standard on a motion for reconsideration is strict, and the Court will generally deny reconsideration where the moving party does not "'point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court.'" *Lewis v. Martinez*, 9:15-CV-55 (MAD/ATB), 2019 WL 2105562, *1 (N.D.N.Y. May 14, 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted)).  Indeed, the Second Circuit has stated that a motion for reconsideration is not meant to "'relitigate[ ] old issues, present[ ] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple.'"  *Henderson v. Rite Aid of New York, Inc.*, No. 16-CV-785V(Sr), 2018 WL 514094, *1 (W.D.N.Y. Jan. 23, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation omitted), *cert. denied*, 569 U.S. 918 (2013)).

### B.  The July MDO

On July 31, 2020, the Court issued a Memorandum-Decision Order granting Defendants' motion for summary judgment on Plaintiffs' Equal Protection claim.  *See* Dkt. No. 180. Plaintiffs' Equal Protection claim relies on the argument that Defendants treated them differently than the similarly situated non-union, managerial/confidential ("M/C") employees in that they were laid off for exercising their constitutionally protected right to assemble as a union.  *See id.* at 11.  In opposition to Defendants' motion for summary judgment, Plaintiffs argued that they were similarly situated to the M/C employees because many of the M/C employees held the same job titles and received similar pay, similar benefits, such as health insurance, and the same retirement pension.  *See id.*

In granting Defendants' motion for summary judgment, the Court found that Plaintiffs were only similarly situated to the M/C employees in that they both collected New York State retirement benefits and pensions and that they both received the same health insurance plan, with

the exception that the workers hired after 2005 paid different amounts for health insurance depending on whether they were M/C employees or union member employees.  *See id.* at 13.  Beyond those similarities, the Court emphasized that the union member and M/C employees' salaries and benefits were determined by different mechanisms as Defendants could alter the M/C employees' salaries and benefits at-will, but they could not do so to the union member employees.  *See id.* at 13-14.  The Court also highlighted several differences between the Plaintiffs' and the M/C employees' salaries.  *See id.* at 14-15.  Accordingly, the Court found that there was no evidence that Plaintiffs and the M/C employees received the same salaries, annual increases, or other payments, nor was there evidence that Plaintiffs and the M/C employees had the same job titles or duties, or that they were subjected to the same workplace standards.  *See id.* at 15.  Therefore, the Court found that no reasonable jury could find that Plaintiffs and the M/C employees were similarly situated in all material respects and granted Defendants' motion for summary judgment as to Plaintiffs' Equal Protection claim.  *See id.*

**C.  Plaintiffs' joint motion for reconsideration of the Court's July MDO**

On August 14, 2020, Plaintiffs filed a joint motion for the Court to reconsider its July MDO on the grounds that it failed to consider undisputed facts and supporting evidence in the record.  *See* Dkt. No. 181-2.

To state a claim for violation of their rights under the Fourteenth Amendment's Equal Protection Clause, Plaintiffs "'must demonstrate that [they] w[ere] treated differently than others similarly situated as a result of intentional or purposeful discrimination.'"  *Mishtaku v. Espada*, 669 F. App'x 35, 36 (2d Cir. 2016) (summary order) (quotation omitted).  To establish that they

are similarly situated to the M/C employees, Plaintiffs must demonstrate that they are similarly situated "in all material respects" to those employees.  *See Jackson v. Syracuse Newspapers*, No. 5:10-CV-01362 (NAM/DEP), 2013 WL 5423711, *15 (N.D.N.Y. Sept. 26, 2013) (citing *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) citing *Shumway v. United Parcel Service*, 118 F.3d 60, 64 (2d Cir. 1997)).  The inquiry into whether a plaintiff is similarly situated to his comparators "in all material respects" is context specific and varies from case-to-case.  *See Anderson v. New York City Dep't of Fin.*, No. 19-CV-7971 (RA), 2021 WL 168476, *2 (S.D.N.Y. Jan. 19, 2021) (citing *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 230 (2d Cir. 2014)).  Generally, in the employment context, a plaintiff may be similarly situated "in all material respects" when he and his comparators "'were subject to the same workplace standards.'"  *Irons v. Bedford-Stuyvesant Cmty. Legal Servs.*, No. 13-CV-4467 (MKB), 2015 WL 5692860, *11 (E.D.N.Y. Sept. 28, 2015) (quoting [*Brown v. Daikin Am., Inc.*, 756 F.3d 219, 230 (2d Cir. 2014)]) (other citation omitted).

     Plaintiffs argue that the Court committed clear error or manifest injustice in its July MDO by holding that Plaintiffs and the M/C employees were not "similarly situated" in "all material respects" because they had the same job titles and duties, were subject to the same workplace standards, and paid similar amounts for healthcare coverage.  *See* Dkt. No. 181-2 at 9-10.  However, Plaintiffs already argued in their initial opposition to Defendants' motion for summary judgment that they were similarly situated to M/C employees because they had the same job titles, were paid the same amount, received the same benefits, and received the same pensions as union member employees.  *See* Dkt. No. 171-1 at 19.  Thus, Plaintiffs are merely attempting to relitigate issues that they already raised in their initial opposition to Defendants' motion for partial summary judgment.  *See Clookey v. Citibank, N.A.*, No. 8:14-cv-1318, 2016 WL

3365438, *1 (N.D.N.Y. June 16, 2016) (denying the plaintiff's motion for reconsideration because he merely sought to relitigate issues that the court had already decided).  Accordingly, the Court rejects Plaintiffs' argument and denies their motion for reconsideration.[3]

## IV. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' joint motion for reconsideration of the Court's July 31, 2020 Memorandum-Decision and Order, *see* Dkt. No. 181, is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 19, 2021
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[3] Even if the Court were to consider Plaintiffs' argument, it would still deny their motion because they failed to explain how the alleged similarities on which they rely demonstrate that the Court committed clear error or manifest injustice by finding that they were not similarly situated in all material respects to the M/C employees.