**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**DANNY DONOHUE, as President of the
Civil Service Employees Association, Inc.,
Local 1000, AFSCME, AFL-CIO; CIVIL
SERVICE EMPLOYEES ASSOCIATION,
INC., LOCAL 1000, AFSCME, AFL-CIO;
WILLIAM COLEMAN, individually and on
behalf of all others similarly situated; WILLIAM
MILLER, individually and on behalf of all
others similarly situated; JOHN METZGIER,
individually and on behalf of all others similarly
situated; and JACK WIEDEMAN, individually
and on behalf of all others similarly situated,**

                              **Plaintiffs,**

          v.                                                                    **1:13-CV-918**
                                                                                **(FJS/CFH)**
                                                                                **(Lead Case)**

**THOMAS J. MADISON, JR., in his official capacity
as Executive Director of the New York State Thruway
Authority and the New York State Canal Corporation;
CARLOS MILLAN, in his official capacity as Director
of Employee Relations and Employee Safety, New York
State Thruway Authority and New York State Canal
Corporation; BRIAN U. STRATTON, in his official capacity
as Director of the New York State Canal Corporation;
HOWARD P. MILSTEIN, in his official capacity as Chairman
of New York State Thruway/Canal Corporation Board of
Directors; E. VIRGIL CONWAY, in his official capacity as
Board Member of the New York State Thruway/Canal
Corporation Board of Directors; NEW YORK STATE
THRUWAY AUTHORITY; NEW YORK STATE CANAL
CORPORATION; DONNA J. LUH, in her official capacity
as Vice-Chairman of New York State Thruway/Canal
 Corporation Board of Directors; RICHARD N. SIMBERG,
in his official capacity as Board Member of the New York State
Thruway/Canal Corporation Board of Directors; BRANDON
R. SALL, in his official capacity as Board Member of the New
York State Thruway/Canal Corporation Board of Directors; J.
DONALD RICE, JR., in his official capacity as Board Member of
the New York State Thruway/Canal Corporation Board of
Directors; and JOSE HOLGUIN-VERAS, in his official capacity**

as Board Member of the New York State Thruway/Canal Corporation Board of Directors,

          **Defendants.**

---

**DANNY DONOHUE, as President of the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO; CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO; JOHN DELLIO, individually and on behalf of all others similarly situated; MICHAEL BOULERIS, individually and on behalf of all others similarly situated; MAUREEN ALONZO, individually and on behalf of all others similarly situated; and MARCOS DIAMANTATOS, individually and on behalf of all others similarly situated,**

          **Plaintiffs,**

     v.                **1:13-CV-920**
                         **(FJS/CFH)**

**THOMAS J. MADISON, JR., individually and in his official capacity as Executive Director of the New York State Thruway Authority and the New York State Canal Corporation; CARLOS MILLAN, in his official capacity as Director of Employee Relations and Employee Safety, New York State Thruway Authority and New York State Canal Corporation; HOWARD P. MILSTEIN, individually and in his official capacity as Chairman of New York State Thruway/Canal Corporation Board of Directors; E. VIRGIL CONWAY, in his official capacity as Board Member of the New York State Thruway/Canal Corporation Board of Directors; NEW YORK STATE THRUWAY AUTHORITY; DONNA J. LUH, in her official capacity as Vice-Chairman of New York State Thruway/ Canal Corporation Board of Directors; RICHARD N. SIMBERG, in his official capacity as Board Member of the New York State Thruway/Canal Corporation Board of Directors; BRANDON R. SALL, in his official capacity as Board Member of the New York State Thruway/Canal Corporation Board of Directors; J. DONALD RICE, JR., in his official capacity as Board Member of the New York State Thruway/Canal Corporation Board of Directors; and JOSE**

**HOLGUIN-VERAS, in his official capacity as Board Member of the New York State Thruway/Canal Corporation Board of Directors,**

      **Defendants.**

---

**NEW YORK STATE THRUWAY EMPLOYEES LOCAL 72; JOSEPH E. COLOMBO; GEORGE E. SAVOIE; and DAVID M. MAZZEO, individually and on behalf of all others similarly situated,**

      **Plaintiffs,**

   v.               **1:14-CV-1043 (FJS/CFH)**

**NEW YORK STATE THRUWAY AUTHORITY; HOWARD P. MILSTEIN, individually and in his official capacity as Chairman of the New York State Thruway Authority; THOMAS J. MADISON, JR., individually and in his official capacity as Executive Director of the New York State Thruway Authority; THOMAS RYAN, in his official capacity; E. VIRGIL CONWAY, in his official capacity as Board Member of the New York State Thruway Authority; JOHN F. BARR, in his official capacity as Director of Administrative Services of the New York State Thruway Authority; JOHN M. BRYAN, in his official capacity as Chief Financial Officer and Treasurer of the New York State Thruway Authority; DONNA J. LUH, in her official capacity as Vice-Chair of the New York State Thruway Authority Board of Directors; J. DONALD RICE, JR., in his official capacity as Board Member of the New York State Thruway Authority; BRANDON R. SALL, in his official capacity as Board Member of the New York State Thruway Authority; RICHARD N. SIMBERG, in his official capacity as Board Member of the New York State Thruway Authority; and JOSE HOLGUIN-VERAS, in his official capacity as Board Member of the New York State Thruway Authority,**

      **Defendants.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **CIVIL SERVICE EMPLOYEES ASSOCIATION, INC.**<br>143 Washington Avenue<br>P.O. Box 7125, Capitol Station<br>Albany, New York 12224<br>Attorneys for Plaintiffs Danny Donohue, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, William Coleman, William Miller, John Metzgier, Jack Wiedeman, John Dellio, Michael Bouleris, Maureen Alonzo, and Marcos Diamantatos | **AARON E. KAPLAN, ESQ.**<br>**JENNIFER C. ZEGARELLI, ESQ.** |
| **LIVINGSTON ADLER PULDA MEIKLEJOHN & KELLY**<br>557 Prospect Avenue<br>Hartford, Connecticut 06205<br>Attorneys for Plaintiffs Danny Donohue, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, William Coleman, William Miller, John Metzgier, Jack Wiedeman, New York State Thruway Employees Local 72, Joseph E. Colombo, George E. Savoie, and David M. Mazzeo | **NICOLE M. ROTHGEB, ESQ.**<br>**GREGG D. ADLER, ESQ.** |
| **WHITEMAN, OSTERMAN & HANNA LLP**<br>One Commerce Plaza<br>Suite 1900<br>Albany, New York 12260<br>Attorneys for Defendants Carlos Millan, Brian U. Stratton, E. Virgil Conway, Richard N. Simberg, New York State Thruway Authority, New York State Canal Corporation, Donna J. Luh, Brandon R. Sall, J. Donald Rice, Jr., Jose Holguin-Veras, Howard P. Milstein, Thomas J. Madison, Jr., Thomas Ryan, and John F. Barr | **BETH A. BOURASSA, ESQ.**<br>**CHRISTOPHER W. MEYER, ESQ.**<br>**MONICA R. LENAHAN, ESQ.**<br>**NORMA G. MEACHAM, ESQ.**<br>**ALAN JAY GOLDBERG, ESQ.**<br>**WILLIAM S. NOLAN, ESQ.** |

| | |
|---|---|
| **CAPEZZA HILL, LLP**<br>30 South Pearl Street<br>Suite P-110<br>Albany, New York 12207<br>Attorneys for Defendant Thomas J.<br>Madison, Jr. | **BENJAMIN W. HILL, ESQ.** |
| **DREYER BOYAJIAN LLP**<br>75 Columbia Street<br>Albany, New York 12210<br>Attorneys for Defendant Thomas J.<br>Madison, Jr. | **WILLIAM J. DREYER, ESQ.** |
| **E. STEWART JONES HACKER**<br>**MURPHY, LLP**<br>28 Second Street<br>Troy, New York 12180<br>Attorneys for Defendant John M. Bryan | **E. STEWART JONES, JR., ESQ.**<br>**THOMAS J. HIGGS, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

Plaintiffs are union-represented employees who contend that their employers, Defendants New York State Thruway Authority ("Defendant Thruway") and New York State Canal Corporation ("Defendant Canal Corporation," and collectively referred to with Defendant Thruway as "Defendants"), terminated or otherwise adversely impacted their positions as part of a reduction in force ("RIF") that targeted employees for their association with those unions. *See generally* Dkt. No. 1, Class Compl., at ¶¶ 5-37, 48-54.[1]  In addition to the individual employees, Plaintiffs include the two collective bargaining units to which those employees belong – Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO ("CSEA") and New

---

[1] These three actions are consolidated for pre-trial matters.  All citations to docket numbers refer to the docket in the Lead Case, 13-CV-918, unless otherwise noted.  Such notation, where appropriate, is included in a parenthetical following the citation.

York State Thruway Employees Local 72 ("Teamsters"). *See generally id.*; Dkt. No. 1 (13-CV-920); Dkt. No. 2 (14-CV-1043). After many years of litigation, the only remaining causes of action in these cases are Plaintiffs' First Amendment targeting claims.[2] *See* Dkt. Nos. 142, 159, 180, 194.

Pending before the Court is Plaintiffs' corrected, renewed, and amended joint motion for class certification.[3] *See* Dkt. No. 165. The Court has already considered the parties' initial submissions in support of and in opposition to certifying three classes of Plaintiffs, *i.e.*, the "Teamsters Local 72 Class," the "CSEA [Thruway] Authority Class," and the "CSEA Canal Corporation Class." *See* Dkt. No. 165-2, Pls' Memorandum in Support of Corrected Mot., at 10-11. Each of those proposed classes included individuals who (a) worked for either Defendant Thruway or Defendant Canal Corporation; (b) were members of either Teamsters or CSEA unions; (c) were "adversely affected" by the RIF; and (d) were in one of the following subclasses of Plaintiffs:

> (1) those whose employment was terminated (hereinafter referred to as "Direct Plaintiffs"); or
>
> (2) those who were bumped, demoted or transferred to different positions or work locations, or who were forced into retirement (hereinafter referred to as "Indirect Plaintiffs").

*See id.*

---

[2] Because the only remaining claims are First Amendment targeting claims, and unions and union-representatives cannot bring such claims, the Court directs the Clerk of the Court to terminate Plaintiffs CSEA, Teamsters, and Danny Donohue – as President of CSEA – from this action.

[3] Plaintiffs' initial renewed and amended joint motion for class certification, *see* Dkt. No. 161, is also pending before the Court. However, because the corrected motion in Dkt. No. 165 appears to replace the initial renewed and amended motion, the Court dismisses Plaintiff's motion in Dkt. No. 161 as moot.

After reviewing the parties' submissions, the Court requested additional information regarding the following eight issues: (1) quantifying the number of Direct Plaintiffs; (2) quantifying the number of Indirect Plaintiffs; (3) whether current class counsel could adequately represent both Direct and Indirect Plaintiffs; (4) recommendations for potential class counsel for Direct and Indirect Plaintiffs; (5) recommendations for class representatives for Direct and Indirect Plaintiffs; (6) proposed definitions for Direct and Indirect Plaintiffs' subclasses; (7) further explanation as to how Indirect Plaintiffs would demonstrate that Defendants collectively targeted them based on their union membership; and (8) how the common issues among Indirect Plaintiffs predominate over individualized issues.  *See* Dkt. No. 191 at 5-6.  The parties have filed supplemental memoranda answering these questions.  *See* Dkt. Nos. 195, 197.  The Court must now determine whether Plaintiffs have satisfied Rule 23's requirements to warrant class certification.  *See* Dkt. No. 165.

## II. DISCUSSION

**Whether Plaintiffs have satisfied Rule 23's requirements for class certification**

A "district court may certify a class only after determining that each Rule 23 requirement is met." *Lisnitzer v. Zucker*, 983 F.3d 578, 588 (2d Cir. 2020) (citing *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 251 (2d Cir. 2011) (citing *In re IPO Secs. Litig.*, 471 F.3d 24, 41-42 (2d Cir. 2006))); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).  "Rule 23(a) requires that '(1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.'"  *Doxey v.*

*Cmty. Bank, N.A.*, No. 8:19-CV-919 (MAD/CFH), 2021 U.S. Dist. LEXIS 169735, *9 (N.D.N.Y. Sept. 8, 2021) (D'Agostino, J.) (quoting Fed. R. Civ. P. 23(a)).

If the Court finds that Plaintiffs satisfy Rule 23(a), then it must determine whether Plaintiffs have met the requirements set forth in Rule 23(b).  *See Zhang v. Ichiban Grp.*, No. 1:17-CV-148 (MAD/TWD), 2021 U.S. Dist. LEXIS 136308, *17-*18 (N.D.N.Y. May 21, 2021) (D'Agostino, J.).  Plaintiffs argued in their initial memorandum that the proposed classes satisfied the requirements set forth in Rule 23(b)(2) and (b)(3).  *See* Dkt. No. 165-2 at 21-22.  "According to the Federal Rules of Civil Procedure, a class may be certified under Rule 23(b)(2) in a single circumstance: when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'"  *Berni v. Barilla S.P.A.*, 964 F.3d 141, 146 (2d Cir. 2020) (quoting Fed. R. Civ. P. 23(b)(2)).  "Put another way, a class may *not* be certified under Rule 23(b)(2) if *any* class member's injury is not remediable by the injunctive or declaratory relief sought."  *Id.*  With respect to subsection (b)(3), "[a] district court may certify a class under Rule 23(b)(3) only if 'the questions of law or fact common to class members predominate over any questions affecting only individual members.'"  *Zhang*, 2021 U.S. Dist. LEXIS 136308, at *18 (quoting Fed. R. Civ. P. 23(b)(3)).  The Court addresses each element in turn.

**A. Numerosity**

With respect to Rule 23(a)'s first element, "a proposed class that exceeds forty members is considered presumptively numerous for purposes of this requirement."  *A.T. v. Harder*, 298 F. Supp. 3d 391, 406 (N.D.N.Y. 2018) (Hurd, J.) (citing *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 120 (2d Cir. 2014) ("Numerosity is presumed for classes

larger than forty members.")). Notably, however, "[i]t is not the total size of the class that matters, but the size of each proposed subclass that drives the numerosity inquiry." *Carollo v. United Capital Corp.*, 528 F. Supp. 3d 37, 53 (N.D.N.Y. 2021) (Hurd, J.) (citation omitted). In response to the Court's most recent inquiry, Plaintiffs contend that Defendants' RIF adversely impacted 322 people. *See* Dkt. No. 195 at 8. According to Plaintiff, Defendants terminated 217 Teamsters and CSEA union members as part of the RIF; those members are the "Direct Plaintiffs." *See id.* Specifically, those Direct Plaintiffs include 143 Teamsters members, 35 CSEA Thruway members, and 39 CSEA Canal Corporation members. *See id.* at 8-9. With respect to the "Indirect Plaintiffs," Plaintiffs identify 105 union members who suffered adverse employment actions "as a result of the exercise of bumping or seniority rights." *See id.* at 9. Of those individuals, 65 were Teamsters members, 22 were CSEA Thruway members, and 18 were CSEA Canal Corporation members. *See id.*[4]

    Plaintiffs appear to concede that they encompass six subclasses – one for each union and then further divided into Direct and Indirect Plaintiffs in that specific union – because they identified named Plaintiffs to represent each of those six subclasses. *See* Dkt. No. 195 at 11-12. If the Court were to divide Plaintiffs into those six subclasses based on the numbers listed in response to the Court's inquiry, neither the CSEA Thruway nor the CSEA Canal Corporation units would reach the 40-member minimum that Rule 23 requires with respect to either their Direct or their Indirect Plaintiffs. For this reason, the Court finds that Plaintiffs have not

---

[4] Furthermore, as Defendants point out, Plaintiffs have changed the expected number of class members several times, including from their initial memorandum of law supporting the pending motion to their supplemental memorandum of law. *Compare* Dkt. No. 165-2 at 3-4, 13 (alleging that Defendants terminated 200 Direct Plaintiffs and "340 other union member employees suffered other tangible adverse actions") *with* Dkt. No. 195 at 8-9 (alleging that the RIF impacted 322 total employees, with 217 Direct Plaintiffs and 105 Indirect Plaintiffs).

satisfied the numerosity requirement for their subclasses. Plaintiffs nonetheless appear to attempt to get around this issue by defining three subclasses – one for each union – which would include both the Direct and Indirect Plaintiffs for that union. *See id.* at 12-16. However, as is discussed below, this is improper because lumping together Direct and Indirect Plaintiffs into one subclass fails to meet Rule 23's commonality and typicality requirements.

### B. Commonality

"Commonality asks whether the class members 'have suffered the same injury' which can be proven by a 'common contention' that is 'of such a nature that it is capable of classwide resolution.'" *Carollo*, 528 F. Supp. 3d at 53-54 (quoting *Dukes*, 564 U.S. at 350, 353). "In short, commonality is met where the determination of a single issue will resolve that issue as to 'the validity of each one of the claims in one stroke.'" *Id.* at 54 (quoting *Dukes*, 564 U.S. at 350). Plaintiffs' First Amendment targeting claims are the only remaining claims in this action. *See* Dkt. No. 180 at 16 n.13. In those claims, Plaintiffs allege that Defendants threatened that, if Teamsters and CSEA did not agree to the concessions demanded, they would terminate Teamsters and CSEA-represented employees; and Defendants followed through on that threat. *See* Dkt. No. 1 at ¶¶ 94-120 (13-CV-918); Dkt. No. 1 at ¶¶ 70-96 (13-CV-920); Dkt. No. 2 at ¶¶ 47-69 (14-CV-1043). Plaintiffs generally allege that, although Defendants employed union and non-union-represented employees, Defendants "intentionally singled out union members for termination" and "intentionally direct[ed]" the terminations against "union members because of their union membership." *See* Dkt. No. 1 at ¶¶ 103-104 (13-CV-918). Additionally, Plaintiffs allege that Defendants "intended to interfere" with Plaintiffs' "exercise of their rights of freedom of association and freedom of speech" and that Defendants' conduct violated those rights. *See id.* at ¶¶ 110-111. Thus, the single issue that will resolve Plaintiffs' First Amendment claim is

determining whether Defendants intentionally interfered with Plaintiffs' employment because of their union membership.

Although Plaintiffs may argue in a broad sense that they "have suffered the same injury" in that Defendants allegedly violated each of their First Amendment rights, Plaintiffs more specifically argue that they have suffered directly, in that Defendants terminated them from their positions, or indirectly, in that they suffered some other adverse consequence, such as transferring locations, being "bumped," or being "forced into retirement." *See* Dkt. No. 195 at 12-16. These injuries are not the same. For example, the Court cannot conceive that Plaintiffs suffered the "same injury" when one class member lost his employment entirely and another was merely transferred to a new location.

Furthermore, proving whether Defendants "intentionally interfered" with Plaintiffs' First Amendment rights would require different showings for Direct and Indirect Plaintiffs. As Defendants point out, to show that they intentionally terminated Direct Plaintiffs would require showing Defendants' intentional conduct in terminating employees based on their union membership. *See* Dkt. No. 197 at 26. However, with respect to Indirect Plaintiffs, Defendants did not direct or control other employees' seniority or bumping choices, which ultimately caused Indirect Plaintiffs' harm. *See id.* For these reasons, the Court finds that Plaintiffs have not suffered the "same injury," and addressing this issue would not resolve the claims "in one stroke." *Carollo*, 528 F. Supp. 3d at 54. Therefore, the Court holds that Plaintiffs have not satisfied Rule 23's commonality requirement.

### C. Typicality

"'Rule 23(a)(3) is satisfied when each class member's claim arises from the same course of events, and each class member makes similar arguments to prove the defendant's liability.'"

*A.T.*, 298 F. Supp. 3d at 408-09 (quoting *Stinson*, 282 F.R.D. at 370-371 (quotation omitted)). "'When the same unlawful conduct was directed at or affected both the named plaintiffs and the prospective class, typicality is usually met.'" *Id.* at 409 (quotation omitted). "The commonality and typicality requirements of Rule 23(a) tend to merge such that similar considerations inform the analysis for both prerequisites." *Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279, 287 (S.D.N.Y. 2012) (citations omitted). As discussed with regard to the issue of commonality, Direct Plaintiffs must show that Defendants intentionally terminated their employment; whereas Indirect Plaintiffs must show that Defendants' conduct somehow affected the seniority and bumping choices of other employees, which, in turn, impacted Indirect Plaintiffs. Thus, the Court finds – for substantially the same reasons as set forth in its commonality analysis – that Plaintiffs have not shown that Defendants directed the same unlawful conduct at both Direct and Indirect Plaintiffs. As such, the Court holds that Plaintiffs have not satisfied the typicality requirement.[5]

In sum, for all of the above-stated reasons, the Court denies Plaintiffs' corrected, renewed, and amended joint motion for class certification. *See* Dkt. No. 165.[6]

---

[5] As the Court has found that Plaintiffs have failed to meet Rule 23's requirements for numerosity, commonality, and typicality, it need not consider the fourth element – whether the proposed class representatives are adequate – or whether Plaintiffs have satisfied Rule 23(b)(2) or (b)(3).

[6] Thus, going forward, only eleven Plaintiffs remain in this action, eight of whom are Direct Plaintiffs and three of whom are Indirect Plaintiffs. The Direct Plaintiffs in Case No. 13-CV-918 include William Miller, John Metzgier, and Jack Wiedman. The Direct Plaintiffs in Case No. 13-CV-920 include John Dellio, Michael Bouleris, Maureen Alonzo, and Marco Diamantatos. The only Direct Plaintiff in Case No. 14-CV-1043 is Joseph Colombo. Additionally, William Coleman is the only Indirect Plaintiff in Case No. 13-CV-918. There are no Indirect Plaintiffs in Case No. 13-CV-920. George Savoie and David Mazeo are the Indirect Plaintiffs in Case No. 14-CV-1043.

## III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' original and corrected amended joint motions for class certification, *see* Dkt. Nos. 161, 165, are **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall terminate Plaintiffs Danny Donohue, CSEA, and Teamsters as Plaintiffs in this action; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Hummel for all further pretrial matters.[7]

**IT IS SO ORDERED.**

Dated: February 16, 2022
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[7] The Court notes that there are various issues that the parties must address before setting a trial date, including but not limited to the following: (1) whether the parties would like to keep these three actions consolidated for trial, hold three separate trials, or separate the trials into one for Direct Plaintiffs and one for Indirect Plaintiffs; (2) whether the parties intend to bifurcate trial(s) on the issue of liability, and, if so, what the parties' next steps would be if Defendants are found liable to some or all Plaintiffs; and (3) whether there are any conflicts of interest in counsel representing both Direct and Indirect Plaintiffs when those subcategories appear to have different interests and injuries.